**2013 UT App 152**

# THE UTAH COURT OF APPEALS

DARRYL HODGE,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20120069-CA
Filed June 20, 2013

Second District, Ogden Department
The Honorable Michael D. Lyon
No. 100902390

Darryl Hodge, Appellant Pro Se
John E. Swallow and Brett J. DelPorto, Attorneys
for Appellee

Before JUDGES DAVIS, THORNE, AND CHRISTIANSEN.

PER CURIAM:

¶1      Darryl Hodge appeals the district court's order denying his petition for post-conviction relief. We affirm.

¶2      Hodge challenges his convictions under the Post-Conviction Remedies Act, alleging various claims of error. The district court dismissed several of his post-conviction claims as being frivolous on their face.[1] The district court reached the merits of the two

---

1. On appeal, Hodge asserts these claims were improperly dismissed as frivolous. We have reviewed the record and conclude that the district court correctly determined that the claims were

(continued...)

remaining claims and dismissed the claims upon granting the State's motion to dismiss. Hodge appeals.

¶3     Hodge asserts that the district court erred in dismissing his claim that he was not properly advised of his *Miranda* rights. However, the detective provided the required *Miranda* warnings at the beginning of his interview and Hodge waived his rights. Accordingly, the district court properly dismissed this claim.

¶4     Hodge next asserts that he received ineffective assistance of counsel at the trial court because trial counsel did not adequately confer with him prior to trial. To establish ineffective assistance of counsel, Hodge must demonstrate that his trial counsel's performance was deficient by identifying counsel's specific acts or omissions. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Hodge must next demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶5     The district court determined that Hodge had not demonstrated that he was prejudiced by trial counsel's purported omissions based upon the overwhelming evidence of his guilt. The district court did not err by determining that Hodge failed to demonstrate that he was prejudiced. Therefore, the district court properly dismissed this claim.[2]

¶6     Affirmed.

———————

1. (...continued)
frivolous on their face, and we decline to address them further. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989).

2. Because Hodge's claims fail on their merits, appellate counsel was not ineffective for declining to raise them on direct appeal.